ARMSTRONG v. BELDING BROS. & CO.

(Circuit Court, D. Connecticut. July 13, 1910.)

No. 1,217.

PATENTS (§ 326*)—INJUNCTION AGAINST INFRINGEMENT—VIOLATION—ATTACH-
MENT FOR CONTEMPT.

A defendant, charged with contempt for violation of an injunction
against infringement of a patent, is entitled to all the rights of one
charged with a criminal offense, and a court of equity will not grant an
attachment for contempt in such case, if the violation of the injunction is
to a reasonable extent uncertain.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec.
Dig. § 326.*]

In Equity. Suit by Benjamin L. Armstrong against Belding Bros. &
Co. On motion for attachment in contempt. Motion denied.

See, also, 178 Fed. 554.

Gifford & Bull and Ernest Chadwick, for complainant.
Robert B. Honeyman and A. Parker-Smith, for defendant.

PLATT, District Judge. A court of equity does not attach a de-
fendant for contempt of an injunction forbidding the infringement
of patent claims when the violation of the injunction is to a reason-
able extent uncertain. The defendant is entitled to all the rights which
belong to one charged with a criminal offense. The violation must be
obvious to the senses and apparent upon mere inspection.

At the hearing complainant conceded that the making and sale of
Exhibit Defendant's Contempt Package only violated claim 1 of the
Schroeder patent, 546,251. That claim has been held by this court
and by the Circuit Court of Appeals to be entitled to a liberal con-
struction, but there has been no intimation that such liberality would
ever be extended into prodigality. It certainly has to do with a struc-
ture which must be something more than a wrapper for a skein of
silk. The device must be so constructed as to have not only "a folded
casing embracing the skein," which would be a silk wrapper pure and
simple, but that casing must be "provided with a bearing piece," and
that bearing piece must be "folded upon itself" so as to form a "bear-
ing for the skein," and "a partition between the sides of the skein,"
and must be "permanently attached to one only of the opposite sides
of the casing."

The specifications of the patent which contain this claim go, with
some minuteness, into a description of the bearing piece or core, as
it is indiscriminately termed, and make it clear that something more
was in the patentee's mind than a folding of the casing upon itself.
All the interested parties know that the sympathy of the court is with
the complainant, but, after a strong effort to suppress that sympathy,
it still seems impossible to rid oneself of a suspicion that the Exhibit
Defendant's Contempt Package has been evolved as an ingenious eva-
sion of the letter of the claim; but, whether so or not, it has such
marked differences from the offending package, made under the Bon-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ner patent, which was enjoined, that it would be unjust to decide the very delicate questions which instantly spring up before one's eye without a full hearing and thorough investigation. Contempt proceedings are not adapted to such an examination.

Without prejudice to complainant's rights to adopt such further proceedings as he may deem advisable, the motion for attachment is denied.